IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES REED,**

**Plaintiff,**

**v.**

**KOMATSU AMERICA CORP.,**

**Defendant.**                                                    **No. 05-CV-0863-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On December 7, 2005, James Reed sued Komatsu America Corp. ("Komatsu") in this Court based on diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 1).[1] Specifically, Reed alleges that between August 6, 2001 and September 21, 2001, he purchased a Komatsu Crawler Bulldozer from Roland Machinery Company, an agent of Komatsu, that had an inferior paint job and that the paint job was not fit for its intended purpose of protecting the machine from deterioration. (Doc. 1, ¶ ¶ 4 & 7). Reed's complaint against Komatsu contains three counts: breach of warranty,

---

[1] While Reed alleges in paragraph 1 of his complaint that jurisdiction is founded on 28 U.S.C. § 1332 as a suit between citizens of different states, he also alleges that he is a resident of Illinois and that Komatsu is either a California corporation or Georgia corporation and that the principal place of business is either California or Georgia. (Doc. 1, ¶ ¶ 1-3). The Court notes that this is not sufficient to establish diversity jurisdiction. ***See Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998)(Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."** *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, **101 F.3d 57, 58 (7th Cir.1996)**).

negligence and fraud.

Thereafter, on January 25, 2006, Komatsu filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 8).  Komatsu argues that diversity jurisdiction is lacking because both Reed and Komatsu are citizens of Illinois.  (Doc. 8, p.2, Exhibit 2, Affidavit of David Nardo).   Specifically, Komatsu argues that it is a citizen of both Georgia and Illinois as it is a Georgia corporation with its principal place of business in Illinois.[2]  As of this date, Reed has not responded to the motion to dismiss.  Pursuant to Local Rule 7.1(c), the Court considers this failure to respond an admission of the merits of the motion.[3]  Accordingly, the Court **GRANTS** Komatsu's motion to dismiss for lack of subject matter jurisdiction (Doc. 8).  The Court **DIMISSES without prejudice** Reed's cause of action with leave to re-file in a court of competent jurisdiction.

**IT IS SO ORDERED.**

Signed this 28th of February, 2006.

/s/       David RHerndon
**United States District Judge**

---

[2] A corporation is a citizen of both its place of incorporation and its principal place of business.  **28 U.S.C. § 1332(c)(1)**.

[3] "An adverse party shall have thirty (30) days after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **Local Rule 7.1(c)**.